**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **KATIE MAE WELCH,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ILLINI HERITAGE REHAB &** )<br>**HEALTH CARE,** )<br>)<br>**Defendant.** ) | Case No. 10-2023 |

# REPORT AND RECOMMENDATION

In February 2010, Plaintiff Katie Mae Welch filed a *Pro Se* Complaint (#1) against Defendant Illini Heritage Rehab and Health Care[1] (hereinafter "Heritage"), alleging discrimination in employment in violation of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5) (hereinafter "Title VII"). Federal jurisdiction is based on federal question under 28 U.S.C. § 1331 because Plaintiff alleges that Defendant violated a federal statute.

In March 2010, Defendant filed a Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (#11). Instead of responding to the motion to dismiss, Plaintiff filed a Motion To Amend Complaint (#15). Defendant filed a Response to Plaintiff's Motion To Amend (#16). After Plaintiff filed her proposed amended complaint (#18-1), Defendant filed a Supplemental Response to Plaintiff's Motion To Amend Complaint (#19). After reviewing the administrative record and the parties' memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Plaintiff's Motion To Amend Complaint **(#15)** be **DENIED** and that Defendant's Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (**#11**) be **GRANTED.**

---

[1]Defendant notes in its motion that its proper name is Petersen Health Care – Illini, LLC, d/b/a Illini Heritage Rehab & Health Care. (#11, p.1.)

# I. Background

The following background is taken from Plaintiff's complaint: Plaintiff worked for Defendant as a household supervisor for about 28 years. In November 2007, she met with Michelle Scott, the director of Defendant Heritage, in Michelle's office. Michelle told Plaintiff that an applicant named Carmen said that Plaintiff was rude to her on the phone. Plaintiff explained that she had never spoken to Carmen. Plaintiff also told Michelle that ever since Michelle had been working at Heritage, she had Plaintiff in the office every week for something. Michelle told her that she planned to hire Carmen to work on the weekend. Plaintiff explained that Carmen already worked full-time as a restaurant manager and it would mess up the work schedule if Plaintiff had to squeeze Carmen into the schedule. Plaintiff alleged as follows:

> I got very frustrated and proceeded to walk out the office door, then out the back door to the Laundry Department [and] Michelle followed me. Michelle then begin to ask me was I swearing at her. I told Michelle I was not swearing at her, then I asked Michelle was she firing me. Then Michelle said no just go home and I will call you tomorrow. The next day I waited to here from Michelle, but I never did so I decided to call her.

(*Sic*) (#1, p. 6.) Plaintiff called Michelle to ask when she could return to work. Michelle told her that she was terminating Plaintiff's employment. Plaintiff also alleged that "[i]t seemed she was determined to get Carmen hired come to find out she is white and now since my termination from my job she was hired in my position." (#1, p. 6.)

Based on these allegations, Plaintiff alleges that Defendant discriminated against her.

Plaintiff's proposed amended complaint alleges that she worked for Heritage as supervisor of housekeeping and laundry for almost 28 years and never had any problems with her boss. Michelle Scott is a white employee who became Plaintiff's supervisor about four months before Plaintiff's termination. In November 2007, Michelle fired Plaintiff and she then hired Carmen, a white woman, to replace Plaintiff. Carmen had no experience in housekeeping and had to be trained by existing employees to do the job. Derrick, a black employee in Plaintiff's department, was qualified to replace Plaintiff but Michelle did not hire him to replace Plaintiff until after Carmen did not work out. Michelle fired many black employees and replaced

them with white employees while she was administrator. At least four times, Michelle brought Plaintiff applications from white people and told Plaintiff to hire them. Michelle did not personally bring Plaintiff applications from black people or tell Plaintiff to hire them.

## II.  Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To state a claim under federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). However, fair notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Seventh Circuit recently summarized the notice pleading analysis in *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering a plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949-50 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded factual allegations in

the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl.*, 550 U.S. at 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). A claim is sufficient only to the extent that it contains either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Bell Atl.,* 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)). Legal conclusions, unsupported by alleged underlying facts, are not entitled to "the assumption of truth." *Id*. at 1950. Finally, a plaintiff can allege himself out of a claim by including allegations that establish his inability to state a claim. *Head  v. Chi. Sch. Reform Bd. of Trs*., 225 F.3d 794, 801-02 (7th Cir. 2000); *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999) (stating that a plaintiff can plead himself out of court by alleging facts that undermine the validity of his claim).

Application of the notice pleading standard is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). "In other words, the height of the pleading requirement is relative to circumstances." *Id*.; *Concentra*, 496 F.3d at 782 ("the type of facts that must be alleged depend upon the legal contours of the claim").

Like any complaint, a *pro se* complaint may be dismissed for failure to state a claim. In determining the sufficiency of a *pro se* complaint, the Court will construe it liberally in favor of the plaintiff. *Id*. at 520-21. The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997); *see also Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981) (noting that a *pro se* plaintiff's conclusory allegations that are unsupported by factual assertions will not withstand a motion to dismiss).

III.  Discussion

A.  Plaintiff's Motion To Amend

Defendant argues that the Court should deny Plaintiff's motion to amend on the grounds that amendment would be futile.  Specifically, Defendant contends that Plaintiff's proposed amended complaint fails to state a claim under either Section 1983 (42 U.S.C. § 1983) or Title VII.

Defendant first argues that Plaintiff fails to state a constitutional claim pursuant to Section 1983.  Plaintiff filed her proposed amended complaint on a form designed primarily for prisoner claims brought under 42 U.S.C. § 1983, but it is clear from the allegations of both the original complaint and the proposed amended claim that her claim arises under Title VII.  Therefore, notwithstanding the form Plaintiff used, the Court will treat the proposed amended complaint as attempting to allege a Title VII claim.

Defendant next argues that Plaintiff failed to state a claim under Title VII because (1) Paragraphs 2-7 of the proposed amended complaint state "conclusory allegations" that the Court cannot consider; (2) the allegations do not state a plausible claim for relief; and (3) the Court should consider Plaintiff's judicial admissions in the original complaint when considering whether allowing Plaintiff to amend her complaint would be futile.

Plaintiff alleges that Michelle fired her.  Although Plaintiff never expressly articulates it, the remaining allegations imply that Michelle's conduct was motivated by racial animus in violation of Title VII.  The question before the Court is whether these allegations plausibly state a claim.  *Iqbal*, 129 S.Ct. at 1949 ("To survive a motion to dismiss, a complaint must . . . 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl.*, 550 U.S. at 570).

Defendant contends that the proposed amended complaint does not plausibly state a claim because an allegation of intent "cannot be alleged in conclusory manner."  (#19, p. 5.)  Defendant

also contends that the allegations in Paragraphs 2-7 are too conclusory to merit an "assumption of truth." *Iqbal*, 129 S.Ct. at 1950.

The allegations in Paragraphs 2-7 are not legal conclusions couched as factual allegations, which the Supreme Court expressly stated a court need not accept as true. *Id*. at 1949-50 (stating that courts are not bound to accept as true "a legal conclusion couched as a factual allegation"). Instead they are statements of fact that describe things Plaintiff observed while working for Heritage. However, as noted above, Plaintiff has not alleged that Michelle fired her because of her race. In the absence of any allegations regarding intent, the Court would be required to *infer* from Plaintiff's allegations that Michelle was motivated by racial animus. Defendant contends that the Court cannot make this inference based on the allegations of the proposed amended complaint. The Court agrees. Nevertheless, even assuming that Plaintiff's allegations constitute well-pleaded facts and the Court can reasonably infer discriminatory intent, the Court concludes that Plaintiff has failed to state a "plausible" claim for relief. *See id*. at 1950 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").

The Supreme Court has described plausibility as follows: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - that the pleader is entitled to relief," as required by Rule 8(a). *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

Although some of Plaintiff's allegations are generally consistent with Plaintiff's apparent claim, Plaintiff also alleged that Defendant hired a black employee to replace Plaintiff "after Carmen did not work out." (#18-1, ¶ 6.) This allegation undermines Plaintiff's claim and the Court concludes that Plaintiff pleaded herself out of a claim that she was fired because of her race. The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S.Ct. at 1949. "Where a complaint pleads facts that are merely consistent

with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted). Because Plaintiff's allegations in her proposed amended complaint do not plausibly state a claim that Defendant fired her because of her race, the Court recommends denying the motion to amend.

### B. Defendant's Motion To Dismiss

Defendant also argues that Plaintiff's original complaint failed to state a plausible claim for relief. Specifically, Defendant contends that Plaintiff has alleged herself out of a claim because she alleged that (1) she and Defendant's Director, Michelle Scott, were involved in a verbal disagreement; (2) Plaintiff left in the middle of the discussion, believing that she had been or could be terminated at that time as a result of the verbal disagreement; and (3) the Director informed Plaintiff the following day that her employment had been terminated. *See Henderson v. Sheahan*, 196 F.3d at 846 (stating that a plaintiff can plead himself out of court by alleging facts that undermine the validity of his claim).

Under current pleading standards, Plaintiff's allegation that she "feels that [she was] being discriminated against" (#1, p. 6) because she is black and Defendant fired her is insufficient to state a claim. *See Riley v. Vilsack*, 665 F. Supp. 2d 994, 1004 (W.D. Wis. 2009) (recognizing that it is not enough for a plaintiff to allege a discriminatory act and the characteristic that prompted it).

Furthermore, Plaintiff has alleged herself out of a claim based on (1) her allegations regarding the altercation she had with Michelle Scott and her belief that she had been or could be fired because of the altercation, and (2) her allegation that "it seemed Michelle was determined to hire Carmen." (#1, p. 6.) These allegations undermine her claim that she was fired based on her race. Consistent with the reasons Defendant explains in its motion and memorandum, the Court agrees that Plaintiff has failed to state a claim for relief that is plausible on its face in light of the allegations in the complaint. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - that the pleader is entitled to relief," as required by Rule 8(a). *Iqbal*, 129 S.Ct. at

1950 (quoting FED. R. CIV. P. 8(a)(2)).  Accordingly, the Court recommends granting Defendant's motion to dismiss.

## IV.  Summary

For the reasons stated above, the Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Plaintiff's Motion To Amend Complaint **(#15)** be **DENIED** and that Defendant's Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) **(#11)** be **GRANTED.**  In light of the allegations in the original and amended complaints, the Court concludes that further amendment would be futile and recommends that the dismissal be with prejudice.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) working days after being served with a copy of the Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 18th day of May, 2010.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE
